# SUPREME COURT OF THE UNITED STATES

### FORD MOTOR COMPANY *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 13–113.　Decided December 2, 2013

PER CURIAM.

When a taxpayer overpays his taxes, he is generally entitled to interest from the Government for the period between the payment and the ultimate refund. See 26 U. S. C. §6611(a). That interest begins to run "from the date of overpayment." §§6611(b)(1), (b)(2). But the Code does not define "the date of overpayment."

In this case, after the Internal Revenue Service advised Ford Motor Company that it had underpaid its taxes from 1983 until 1989, Ford remitted a series of deposits to the IRS totaling $875 million. Those deposits stopped the accrual of interest that Ford would otherwise owe once the audits were completed and the amount of its underpayment was finally determined. See §6601; Rev. Proc. 84–58, 1984–2 Cum. Bull. 501. Later, Ford requested that the IRS treat the deposits as advance payments of the additional tax that Ford owed. Eventually the parties determined that Ford had overpaid its taxes in the relevant years, thereby entitling Ford to a return of the overpayment as well as interest. But the parties disagreed about when the interest began to run under 26 U. S. C. §6611(b)(1). Ford argued that "the date of overpayment" was the date that it first remitted the deposits to the IRS. *Ibid.* The Government countered that the date of overpayment was the date that Ford requested that the IRS treat the remittances as payments of tax. The difference between the parties' competing interpretations of §6611(b) is worth some $445 million.

Ford sued the Government in Federal District Court,

asserting jurisdiction under 28 U. S. C. §1346(a)(1). The Government did not contest the court's jurisdiction. See Brief in Opposition 3, n. 3. The District Court accepted the Government's construction of §6611(b) and granted its motion for judgment on the pleadings. A panel of the Court of Appeals for the Sixth Circuit affirmed, concluding that §6611 is a waiver of sovereign immunity that must be construed strictly in favor of the Government. 508 Fed. Appx. 506 (2012).

Ford sought certiorari, arguing that the Sixth Circuit was wrong to give §6611 a strict construction. In Ford's view, it is 28 U. S. C. §1346—not §6611—that waives the Government's immunity from this suit, and §6611(b) is a substantive provision that should not be construed strictly. See *Gómez-Pérez* v. *Potter*, 553 U. S. 474, 491 (2008); *United States* v. *White Mountain Apache Tribe*, 537 U. S. 465, 472–473 (2003). In its response to Ford's petition for certiorari, however, the Government contended for the first time that §1346(a)(1) does not apply at all to this suit; it argues that the only basis for jurisdiction, and "the only general waiver of sovereign immunity that encompasses [Ford's] claim," is the Tucker Act, 28 U. S. C. §1491(a). Brief in Opposition 3, n. 3. Although the Government acquiesced in jurisdiction in the lower courts, if the Government is now correct that the Tucker Act applies to this suit, jurisdiction over this case was proper only in the United States Court of Federal Claims. See §1491(a).

This Court "is one of final review, 'not of first view.'" *FCC* v. *Fox Television Stations, Inc.*, 556 U. S. 502, 529 (2009) (quoting *Cutter* v. *Wilkinson*, 544 U. S. 709, 718, n. 7 (2005)). The Sixth Circuit should have the first opportunity to consider the Government's new contention with respect to jurisdiction in this case. Depending on that court's answer, it may also consider what impact, if any, the jurisdictional determination has on the merits issues, especially whether or not §6611 is a waiver of sovereign

Per Curiam

immunity that should be construed strictly.

The petition for certiorari is granted, the judgment of the Sixth Circuit is vacated, and the case is remanded for further proceedings.

*It is so ordered.*